**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SYEDO OBOTIMBE, | No. 14-71191 |
| Petitioner, | Agency No. A205-534-121 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Syedo Obotimbe, a native of Côte d'Ivoire and a citizen of Mali, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider any challenges to the BIA's denial of Obotimbe's motion to reopen because he did not file a petition for review of that order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 n. 3 (9th Cir. 2004) (petitioner must file a separate petition for review from denial of motion to reopen).

We also lack jurisdiction to consider Obotimbe's contention that he was not deportable because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We do not consider the materials Obotimbe filed with this court that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based") (internal quotation and citation omitted).

Obotimbe claims he suffered past harm and fears future persecution in Côte d'Ivoire. He does not claim that he was or would be persecuted in Mali.

Substantial evidence supports the agency's conclusion that, even if he had shown he was a citizen of Côte d'Ivoire, Obotimbe did not establish the harm he suffered in Côte d'Ivoire from supporters of ex-President Gbagbo rose to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel the conclusion that petitioner's past harm constituted persecution); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel a finding of past persecution). Substantial evidence also supports the agency's finding that Obotimbe failed to demonstrate that his fear of future persecution in Côte d'Ivoire was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Obotimbe's asylum claim fails.

In this case, because Obotimbe failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Obotimbe failed to establish it is more likely than not he will be tortured if returned to Côte d'Ivoire. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011)

3 14-71191

(possibility of torture too speculative).

We reject Obotimbe's request that his case be remanded to the BIA.

Finally, Obotimbe's motion for assignment of pro-bono counsel (Docket Entry No. 38) is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**